UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

.......................................................................x

ANDREW WILKINS, on behalf of himself
and all others similarly situated,

                          Plaintiff,

           vs.

STEVEN MADDEN, LTD.,

                       Defendant.

.......................................................................x

**NOTICE AND PETITION
FOR REMOVAL**

Civ. No. _____

To:    Daniel Zemel, Esq.
       Zemel Law LLC
       *Attorneys for Plaintiff*
       400 Sylvan Avenue, Suite 200
       Englewood Cliffs, NJ 07632
       dz@zemellawllc.com

     **PLEASE TAKE NOTICE** that Defendant STEVEN MADDEN, LTD. ("Defendant"), by and

through its attorneys of record, Jackson Lewis P.C., hereby files this Notice and Petition for Removal,

seeking to remove the action captioned *Andrew Wilkins v. Steve Madden, Ltd.*, Index No. 719177/2024,

filed by Plaintiff ANDREW WILKINS ("Plaintiff"), currently pending in the Supreme Court of the

State of New York, County of Queens (the "State Court Action"), to the United States District Court

for the Eastern District of New York, pursuant to 28 U.S.C. §§ 1331 and 1446.  The grounds for removal

are as follows:

**TIMELINESS OF REMOVAL**

     1.     On September 17, 2024, Plaintiff commenced the State Court Action by filing a

Complaint against the Defendant.

     2.     The action was assigned civil action Index Number 719177/2024.

3.     On or about October 7, 2024, Plaintiff served a copy of the Complaint on Defendant by certified mail.

4.     Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Defendant in the State Court Action are annexed hereto. A true and accurate copy of the Complaint is annexed hereto as **Exhibit A**. These documents constitute all "processes, pleadings and orders" served upon Defendant in the State Court Action to date.

5.     In the Complaint, Plaintiff alleges violation of the Americans with Disabilities Act, 42 U.S.C. § 12188(a)(2) ("ADA"), individually and on behalf of others similarly situated. *See* **Exhibit A** (Complaint).

6.     Notice of Removal is timely when filed within thirty (30) days of the date upon which Defendant is served with the initial pleading from which it could be ascertained the Plaintiff's case is removable and within one (1) year of the commencement of the action. 28 U.S.C. §1446(b)-(c).

7.     To date, Defendant has not filed anything substantive with the State Court, such as a response to the Complaint.

8.     Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal has been timely filed, *i.e.*, within thirty (30) days after service of the Complaint.

## REMOVAL BASED ON FEDERAL QUESTION JURISDICTION

9.     "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

10.    Removal of the State Court Action to this Court is appropriate under 28 U.S.C. § 1331 because Plaintiff asserts a cause of action against Defendant under federal law, *i.e.*, the ADA. Pursuant to 28 U.S.C. § 1331, district courts have original jurisdiction over all actions arising under federal law.

11.    Determining whether a particular case arises under federal law turns on the "well-pleaded complaint rule." *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1 (1983). The Supreme Court has explained that "whether a case is one arising under the Constitution or a law or treaty of the United States, in the sense of the jurisdictional statues . . . must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant may interpose." *Taylor v. Anderson*, 234 U.S. 74, 75-76 (1914).

12.    The Supreme Court of the State of New York, County of Queens, is located within the United States District Court for the Eastern District of New York. As such, venue is proper because the State Court Action lies within the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

13.    Venue is also proper in the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions alleged in the Complaint occurred within that judicial district.

14.    Pursuant to 28 U.S.C. § 1446(d), Defendant will promptly give written notice of this Notice of Removal to Plaintiff's counsel of record and will file a copy of this Notice of Removal with the clerk of the state court in which the State Court Action is currently pending.

15.    This Notice of Removal is filed in compliance with FED. R. CIV. P. 11.

16.    Defendant reserves all defenses currently available, including but not limited to, those under FED. R. CIV. P. 12(b) and does not waive any defenses by the filing of the instant Notice of Removal.

**WHEREFORE**, based on the foregoing, Defendant hereby removes the State Court Action to the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. §§ 1331 and 1446.

Dated: Melville, New York
        November 6, 2024

Respectfully submitted,

JACKSON LEWIS, P.C.
*Attorneys for Defendant*
611 Commerce Street, Suite 2803
Nashville, TN 37203
(615) 565-1661
Jennifer.Rusie@jacksonlewis.com

*/s/ Jennifer S. Rusie*
JENNIFER S. RUSIE, ESQ.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

........................................................x

ANDREW WILKINS, on behalf of himself
and all others similarly situated,

                    Plaintiff,

        vs.

STEVEN MADDEN, LTD.,

                  Defendant.

........................................................x

## **CERTIFICATE OF SERVICE**

       I hereby certify that true and correct copies of Defendant's Notice and Petition for Removal

and this Certification of Service were served on this 6th day of November, 2024, via the Court's

ECF system and electronic mail upon the following counsel of record:

Daniel Zemel, Esq.
Zemel Law LLC
*Attorneys for Plaintiff*
400 Sylvan Avenue, Suite 200
Englewood Cliffs, NJ 07632
dz@zemellawllc.com

                                 */s/ Jennifer S. Rusie*
                                 JENNIFER S. RUSIE, ESQ.

4881-2742-1942, v. 1